UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

DIRECTV, Inc.
Plaintiff,
vs.
Jason Harris
Defendant

Case No.: 03-10973RWZ

COMPLAINT FOR VIOLATIONS OF TITLE 47 U.S.C. § 605 AND TITLE 18 USC §2511

MAGISTRATE JUDGE Bowler

## NATURE OF ACTION

1. Plaintiff, DIRECTV, Inc. (hereinafter "DIRECTV"), brings this Complaint to redress injuries that it has suffered as a result of Defendant, Jason Harris' satellite television signal piracy.

2. The Defendant's use of and/or the Defendant's distribution of and/or, the Defendant's Assembly, Manufacture and or Modification of one (1) illegal Pirate Access Device violates various provisions of United States Code including, but not limited to, provisions of Title 47 U.S.C. § 605 and Title 18 U.S.C. § 2511.

## PARTIES

3. DIRECTV is a California corporation, authorized to do business in the State of Massachusetts.

4. At all relevant times, the Defendant was an individual with his principal residence at 351 East Street Brockton, MA.

## JURISDICTION AND VENUE

5. This action is brought pursuant to Title 47 U.S.C. §§ 605 and Title 18 U.S.C. § 2520.

RECEIPT # 47542
AMOUNT $150
SUMMONS ISSUED yes
BY DPTY. CLK. COM
DATE 5-22-03

6. This Court has original jurisdiction over this action under Title 28 U.S.C. § 1331. Venue is proper in the United States District Court in and for the District of Massachusetts pursuant to Title 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

7. Plaintiff DIRECTV is the nation's leading direct broadcast satellite system, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States. DIRECTV's television programming currently includes major cable networks, studio movies and special events programming, as well as a variety of sports and other special interests programming. DIRECTV has invested more than $1.25 billion to develop its direct broadcast satellite system.

8. DIRECTV encrypts – electronically scrambles – its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming. DIRECTV offers its television programming to residential and business customers on a subscription and pay-per-view basis only. Each customer is required to obtain a DIRECTV Access Card and other system hardware (including a small satellite dish) and create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (*i.e.*, unscrambled) those channels to which the customer has subscribed or otherwise made arrangement to purchase from DIRECTV.

9. It is possible for dishonest individuals to covertly obtain DIRECTV's signals, without authorization and without payment for same, through a variety of methodologies, including, but not limited to, utilizing illegally modified DIRECTV Access Cards, and other related equipment; devices that are primarily of assistance in the unauthorized interception or reception of DIRECTV's satellite television programming (all collectively hereinafter referred to as "Pirate Access Devices").

10. On May 25, 2001, DIRECTV executed Writs of Seizure, with the assistance of local law enforcement, at the mail shipping facility used by several major sources of pirate technologies including an entity called "Vector Technologies". During and subsequent to the raids, DIRECTV came into possession of a substantial body of sales records, shipping records, email communications, credit card receipts and other records. Those records evidence the Defendant's purchases of an illegal Pirate Access Device. In reliance upon those records and other information, and upon information and belief, DIRECTV sets forth the allegations and this complaint.

11. The records received by DIRECTV evidence that on or about March 5, 2001, the Defendant purchased from Vector Technologies one (1) Pirate Access Device; designated as one "SU2 BS Boot Chip".

12. On or about March 5, 2001, the Defendant did purchase one (1) Pirate Access Device; designated as one "SU2 BS Boot Chip" from Vector Technologies.

13. On or about March 5, 2001, the Defendant did receive one (1) Pirate Access Device; designated as one "SU2 BS Boot Chip" from Vector Technologies.

14. A "SU2 BS Boot Chip" is a Pirate Access Device specifically designed to illegally modify DIRECTV Access Cards.

15. DIRECTV alleges that the Defendant used, and continued to use, at least one illegally modified access cards and at least one other Pirate Access Device to intentionally intercept and utilize DIRECTV's television signals without authorization and without payment to DIRECTV.

16. In the alternative and/or in addition thereto, the Defendant distributed one (1) device Pirate Access Device to third parties knowing or having reason to know that the Pirate Access Devices are or were primarily of assistance in the unauthorized interception or reception of the Plaintiff's satellite television programming.

17. In the alternative and/or in addition thereto, the Defendant re-programmed DIRECTV Access Cards and/or attached or connected DIRECTV Access Cards or modified DIRECTV Access Cards with or to the other Pirate Access Device referenced above thereby modifying, assembling or manufacturing one (1) Pirate Access Device knowing, or having reason to know that the devices would be primarily of assistance in the unauthorized interception or reception of the Plaintiff's satellite television programming.

**COUNT I**

**(Violation of 47 U.S.C. § 605, Unauthorized Use/Interception of Signals)**

18. DIRECTV alleges and incorporates by reference paragraphs 1 through 17.

19. The Defendant's, receipt of DIRECTV's scrambled or encoded programming, including interstate radio communications, and the use of those signals for his own benefit was without DIRECTV's authorization, in violation of Title 47 U.S.C. § 605(a).

20. DIRECTV is a person aggrieved by Defendant's violations of Title 47 U.S.C. § 605 and it is authorized to institute this action pursuant to Title 47 U.S.C. § 605(e)(3)(A).

21. DIRECTV's signals and telecommunication transmissions include interstate radio communications protected by Title 47 U.S.C. § 605.

22. The Defendant knowingly and willfully intercepted DIRECTV's signals without authorization and used them for his own benefit in violation of Title 47 U.S.C. § 605.

23. DIRECTV did not authorize or consent to the Defendant's, interception and/or use of its satellite television signals nor did DIRECTV authorize or consent to the Defendant's utilization of the Pirate Access Devices.

24. The Defendant's, violations have injured DIRECTV's ability to generate revenue by depriving DIRECTV of payment for its programming.

**COUNT II**

**(Violation 18 U.S.C. § 2511, Intentional Interception of Electronic Communications)**

25. DIRECTV alleges and incorporates by reference paragraphs 1 through 24 above.

26. The Defendant's intentional interception of the scrambled or encoded programming offered over DIRECTV's system violated Title 18 U.S.C. § 2511(1)(a).

27. The Defendant's use of Pirate Access Devices to intercept the scrambled or encoded programming offered over DIRECTV's system violated Title 18 U.S.C. § 2511(1)(b).

28. DIRECTV's Satellite television signals are interstate communications, transmitted across state lines.

29. DIRECTV's Satellite television signals are electronic communications and or other signals protected within the scope of Title 18 U.S.C. § 2511.

30. DIRECTV is a person whose electronic communications or other protected signals have been intercepted by the Defendant and, as such, DIRECTV is authorized to institute this civil action pursuant to Title 18 U.S.C. § 2520(a).

31. The Defendant's violations have injured DIRECTV's ability to generate revenue by depriving DIRECTV of payment for its programming.

**COUNT III**

**(Violation 47 U.S.C. § 605, Assisting in the Unauthorized Use/Interception of Signals)**

32. DIRECTV alleges and incorporates by reference paragraphs 1 through 31 above.

33. The Defendant distributed one (1) Pirate Access Device to third parties knowing or having reason to know that the Pirate Access Devices are or were primarily of assistance in the unauthorized interception or reception of the Plaintiff's satellite television programming in violation of Title 47 U.S.C. § 605(e)(4) and Title 47 U.S.C. § 605(a).

34. DIRECTV is a person aggrieved by the Defendant's violations of the Title 47 U.S.C. § 605 and is authorized to bring this action pursuant to Title 47 U.S.C. § 605 (e)(3)(A).

35. The satellite transmissions that make up DIRECTV's signal include interstate radio communications that are protected by Title 47 U.S.C. § 605.

36. The Defendant distributed the Pirate Access Devices to third parties willfully and knowingly in violation of Title 47 U.S.C. § 605.

37. DIRECTV did not authorize or consent to the Defendant's distribution of the pirate access devices to third parties.

38. The Defendant's violations have injured DIRECTV's ability to generate revenue by depriving DIRECTV of payment for its programming.

**COUNT IV**

**(Violation 47 U.S.C. § 605, Assembly, Manufacture and or Modification of Devices or Equipment)**

39. DIRECTV alleges and incorporates by reference paragraphs 1 through 38 above.

40. The Defendant assembled, manufactured and/or modified existing equipment knowing or having reason to know that the one (1) device thereby created were primarily of assistance in the unauthorized interception or reception of the Plaintiff's satellite television programming in violation of Title 47 U.S.C. § 605(e)(4) and Title 47 U.S.C. § 605(a).

41. DIRECTV is a person aggrieved by the Defendant's violations of the Title 47 U.S.C. § 605 and is authorized to bring this action pursuant to Title 47 U.S.C. § 605 (e)(3)(A).

42. The satellite transmissions that make up DIRECTV's signal include interstate radio communications that are protected by Title 47 U.S.C. § 605.

43. The Defendant assembled, manufactured or modified the Pirate Access Devices willfully and knowingly in violation of Title 47 U.S.C. § 605.

44. DIRECTV did not authorize or consent to the Defendant's assembly, manufacture or modification of the pirate access devices.

WHEREFORE, DIRECTV prays for Judgment against the Defendant, and requests that the Court grant it the following relief:

1. **Statutory damages** for the Defendant's own unauthorized interception of signals of:

(a) **$10,000.00** for the Defendant's unauthorized interception of signals in violation of Title 47 U.S.C. § 605(a) pursuant to Title 47 U.S.C. §

605(e)(3)(i)(II); or

(b) The **greater of $10,000.00 or $100.00 per day** for each day of the intentional interception of the Plaintiff's electronic communications in violation of Title 18 U.S.C. § 5211(1)(a), whichever is greater, pursuant to Title 18 U.S.C. § 5211(c)(2)(B).

2. The **Statutory minimum damage** award of **$10,000.00 per device** (reserving the right to seek higher statutory damages on other than default judgment) for the Pirate Access Device distributed by the Defendant in violation of Title 47 U.S.C. § 605(a), Title 47 § 605(e)(4) pursuant to Title 47 U.S.C. § 605(e)(3)(c)(i)(II) for a total damage statutory award as to the Defendant's **distribution of Pirate Access Devices** of **$10,000.00**; and/or

3. The **Statutory minimum damage** award of **$10,000.00 per device** (reserving the right to seek higher statutory damages on other than default judgment) for the Pirate Access Device assembled, manufactured or modified by the Defendant in violation of Title 47 U.S.C. § 605(a), Title 47 § 605(e)(4) pursuant to Title 47 U.S.C. § 605(e)(3)(c)(i)(II) for a total damage statutory award as to the Defendant's **assembly, manufacture or modification of Pirate Access Devices** of **$10,000.00**; and/or

4. DIRECTV's attorney's fees and costs in prosecuting this civil action as provided for by Title 18 U.S.C. § 2520(b)(3) and /or Title 47 U.S.C. § 605(e)(3)(B)(iii);

5. Order an accounting by the Defendant, including:

   a. Accounting for all profits and expenses realized in violation of the above referenced Federal statutes;

   b. Disclosing the names, addresses and any other identification information, of the individuals that received and/or purchased Pirate Access Devices from the Defendant and the dates of purchase and/or distribution of same; and

c. Order the Defendant's production of all records reflecting the sale or distribution of Pirate Access Devices to third parties.

6. The issuance of a permanent injunction pursuant to Title 18 U.S.C. § 2520(b)(1) and/or Title 47 U.S.C. § 605(e)(3)(B)(I) utilizing the following language or language of a similar utilizing the following language or language of a similar nature:

> "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from the further use and/or distribution of Pirate Access Devices designed for or utilized in the unauthorized interception of signals, in violation of provisions of Title 47 and/or Title 18 of the United States Code."

7. Post judgment interest pursuant to Title 26 U.S.C. § 1961;
8. Punitive Damages pursuant to Title 18 U.S.C. § 2520(b)(2) and
9. Such other and further relief as this Court may deem just and proper.

5/14/03
Date

John M. McLaughlin (BBO 556328)
**MCLAUGHLIN SACKS, LLC**
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865